UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-25710-CIV-SINGHAL

AQUIIL BUDDLE,

Petitioner,

v.

WARDEN, Krome Service Processing Center, U.S. Immigration and Customs Enforcement,

Respondent.
_______________________________/

# ORDER

**THIS CAUSE** is before the Court on Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "**Petition**"). (DE [1]). Petitioner is an alien who has been detained by Immigration and Customs Enforcement since January 30, 2026. *Id.* at 1–4. While the Court is sympathetic to Petitioner—especially because he has been diagnosed with schizophrenia and must experience a great deal of fear—his Petition is unfortunately difficult to understand because it does not well describe the circumstances of his confinement or the legal arguments supporting same. *See generally id.* For example, Petitioner cites various constitutional provisions, statutes, and cases for various propositions, but does not explain how those provisions and cases apply to him. *See id.* at 6–7. Lack of clarity notwithstanding, the Court discerns the following argument: Because Petitioner is not a flight risk, a danger to the community, or likely to be determined removable, his detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), among other things. *See id.* Petitioner seeks immediate

release. *See id.* at 7. For the reasons stated below, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Petitioner is correct that *Zadvydas* stands for the proposition that the Fifth Amendment prohibits the government from indefinitely detaining aliens who appear to not be removable. *See Zadvydas*, 533 U.S. at 690–96. It also discusses the government's legitimate interests in combating flight risk and community danger, but does not limit the government's legitimate interests to those objectives. *See id.* at 690. And, as this Court has recently noted, the Supreme Court's subsequent decision in *Demore v. Kim*, 538 U.S. 510 (2003), indicates that alien detainees are not entitled to individualized bond hearings to determine flight risk, at least for the first six months pending removal. *See Morales v. Noem*, 818 F. Supp. 3d 1346, 1351 (S.D. Fla. Jan. 29, 2026); *Azcona-Quintero v. Swain*, No. 26-60079-CIV-SINGHAL, Dkt. No. 8 (S.D. Fla. Feb. 12, 2026); *Factor Flores v. Field Office Dir.*, No. 26-60448-CIV-SINGHAL, Dkt. No. 4 (S.D. Fla. Feb. 20, 2026). Moreover, even "[a]fter this 6–month period [elapses]," the alien must "provide[ ] [evidence demonstrating] good reason to believe that there is no significant likelihood of removal in

the reasonably foreseeable future" before "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). To demonstrate that there is no significant likelihood that he will be removed in the reasonably foreseeable future, an alien must support his petition with *evidence*, not mere allegations. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Critically, Petitioner fails to present a factual basis—much less evidence—that could support a finding that he is not a flight risk, a danger to the community, has been detained so long that principles of due process require his release, or that he is unlikely to be removed. Lacking supporting facts and evidence, the Petition is insufficient on its face. Consequently, while the Court denies the Petition, it does so without prejudice so that Petitioner may refile under a new case number should he desire to make the necessary factual and evidentiary showings and/or clarify his arguments in an amended petition. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Petition (DE [1]) is **DENIED WITHOUT PREJUDICE**;
2. Assuming no legal bar, Petitioner **MAY** file a new case under a new case number, but must notify the Clerk of Court that the new case is related to this one;
3. Petitioner's Fee Waiver Request (DE [3]) is **GRANTED** such that Petitioner need not pay the filing fee in this case;
4. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of August 2026.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE